IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMON WILLIAMS,<br><br>        Plaintiff,<br><br>   v.<br><br>ASSISTANT PROSECUTOR NEVAN<br>SOUMILAS, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2433 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Damon Williams, Petitioner pro se
SBI #244972C
South Woods State Prison
215 Burlington Rd. South
Burlington, NJ 08302

**SIMANDLE, U.S. District Judge:**

## I. INTRODUCTION

This matter comes before the Court on a civil rights complaint filed by Plaintiff Damon Williams. Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be

dismissed without prejudice with two exceptions that shall be dismissed with prejudice.

## II. BACKGROUND

Plaintiff filed this complaint against the Camden County Prosecutor's Office, the Camden County Sheriff's Department Identification Unit, Assistant Prosecutor Nevan Soumilas, and Record Support Technician ("RST") Sheryl Klemowitz for perjury, subornation of perjury, and official misconduct. Complaint at 1.[1] Plaintiff indicates he is the defendant in Indictment 3823-12-14 wherein he was charged with robbing a Bank of America branch on August 13, 2014. According to Plaintiff, Assistant Prosecutor Soumilas submitted false evidence to the trial court in response to Plaintiff's motion to suppress the fingerprint evidence from the scene of the crime: a demand note with six partial prints. *Id.* He also alleges that Assistant Prosecutor Soumilas purposefully presented false evidence at trial through RST Klemowitz and Detective Fallon. *Id.* at 2. "[T]he deliberate deception of the court and jurors, the repeated inconsistencies in regard to the fingerprint evidence, and the perjury requires the assumption that these deceitful action refer to somemore, [sic] and calls into question the good faith of Assistant

---

[1] The complaint consists of a letter written to former New Jersey Attorney General John Hoffman along with several exhibits.

Prosecutor Soumilas, my arrest, and this fingerprint evidence which was the probable cause of my arrest." *Id.*

Plaintiff asks that a criminal complaint be filed against Assistant Prosecutor Soumilas and RST Klemowitz and that an investigation be conducted into his case. *Id.* at 3.

## III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

*United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

The only explicit relief sought by Plaintiff is for a criminal complaint to be filed against Assistant Prosecutor Soumilas and RST Klemowitz. This Court lacks the authority to initiate criminal proceedings as that power is reserved for the executive branches of government. Further, decisions of a prosecutor whether to investigate or charge criminal conduct are

within prosecutorial discretion and cannot be mandated by a court under its mandamus jurisdiction. Thus, the complaint is dismissed with prejudice to the extent it asks the Court to initiate criminal proceedings.

As the Court must liberally construe complaints brought by pro se plaintiffs, the Court also interprets the complaint as raising false arrest and malicious prosecution claims.[3]

**A. False Arrest**

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been

---

[3] There is no claim under 42 U.S.C. § 1983 for perjury, and the Supreme Court has long held that witnesses have civil immunity for their testimony during trial proceedings. "The immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings was well established in English common law." *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983) (citing *Cutler v. Dixon*, 76 Eng. Rep. 886 (K.B.1585)).

or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

In *Heck v. Humphrey*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994). *See also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))).

Under some circumstances, a false arrest claim may proceed in an action under 42 U.S.C. § 1983 despite a valid conviction." *Woodham v. Dubas*, 256 F. App'x 571, 576 (3d Cir. 2007). *See also Shelley v. Wilson*, 152 F. App'x 126, 129 (3d Cir. 2005) (citing *Gibson v. Superintendent of N.J.*, 411 F.3d 427, 449 (3d Cir. 2005) ("A claim for false arrest does not necessarily implicate the validity of a conviction or sentence.")). However under the

7

circumstances alleged in the complaint, success on a false arrest claim would necessarily invalidate Plaintiff's conviction. Plaintiff states that his arrest, indictment, and conviction all depend on the validity of the fingerprint evidence. Complaint at 2-3. He alleges that RST Klemowitz lied about the date on which she performed the fingerprint analysis, which allegedly provided the probable cause to arrest Plaintiff and was used to convict Plaintiff at trial. *Id.* Therefore, Plaintiff's false arrest claim may not proceed at this time under the facts alleged. Unless Plaintiff's conviction for bank robbery is reversed or vacated, that conviction presently bars his claim that he was arrested for that crime without probable cause.

**B. Malicious Prosecution**

To the extent Plaintiff's complaint could be construed as raising a malicious prosecution claim, he has also failed to state a claim. For a malicious prosecution claim, Plaintiff must plead facts indicating "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v.*

*Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Here, Plaintiff has not pled facts indicating the criminal proceeding ended in his favor. He has therefore failed to state a malicious prosecution claim. This claim is dismissed without prejudice, except that it must be dismissed with prejudice as to Assistant Prosecutor Soumilas. A prosecutor has absolute immunity under § 1983 from actions for malicious prosecution. *Imbler v. Pachtman*, 424 U.S. 409 (1976) (holding prosecutors have absolute immunity "in initiating a prosecution and in presenting the State's case"). "This is true even where a prosecutor has acted maliciously or dishonestly." *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016).

## V. CONCLUSION

For the reasons expressed above, the complaint is dismissed with prejudice to the extent it requests the Court to file criminal charges against defendants. The malicious prosecution claim against Assistant Prosecutor Soumilas is also dismissed with prejudice. The remainder of the complaint is dismissed without prejudice for failure to state a claim. Where the Court uses the phrase "dismissed without prejudice," it means that Plaintiff may be able to reassert the claim by filing an Amended Complaint upon this docket only if his conviction has been reversed or vacated on appeal or post-conviction relief.

An accompanying Order will be entered.

**July 23, 2018**                            **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             U.S. District Judge